IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Robert Lang, | ) | Case No. 6:20-cv-00759-JD-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER & OPINION** |
| Furman University, Robert Bierly, Lisa Knight, Alex Francis-Ratte, and Katherine Palmer Kaup, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Before the Court is Plaintiff Robert Lang's ("Plaintiff" or "Lang") Motion to Alter or Amend its Judgment (DE 60) regarding the Court's August 16, 2021, Order ("Order") (DE 57) granting Defendants Furman University, Robert Bierly, Lisa Knight, Alex Francis-Ratte, and Katherine Palmer Kaup's Motion for Summary Judgment (DE 42). For the reasons set forth below, the motion is denied.

"A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). Specifically, the Court may reconsider its prior order only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Collison v. Int'l Chm. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994) (internal quotation marks omitted). Plaintiff contends his Civil Conspiracy claim should be reinstated because in Paradis v. Charleston Cty. Sch. Dist., the South Carolina Supreme Court overrules precedent that requires the pleading of special damages. 433 S.C. 562, 564, 861 S.E.2d 774, 775 (2021), reh'g denied (Aug. 18, 2021). Although the Paradis court held that special damages are no longer a required element of a civil conspiracy claim in South Carolina, Lang's claim for

1

conspiracy fails on two grounds independent thereof.  First, the Magistrate Judge initially recommended dismissal of the conspiracy claim because Plaintiff did not identify concrete acts that are independent of any other alleged wrongdoing.  Rather, Plaintiff based his civil conspiracy claim on the same alleged actions that serve as the basis for his other causes of action.  (See DE 10, ¶¶ 44–46.)  As an additional basis for recommending dismissal, the Magistrate's Report and Recommendation noted Defendants also argued that Plaintiff's civil conspiracy claim is barred by the at-will employment doctrine. (DE 7-1, pp. 6–7.)  In response, Plaintiff admitted that his conspiracy claim is barred by the doctrine to the extent that Furman is named as a defendant, but Lang contended that the at-will employment doctrine does not bar his conspiracy claim against the individual defendants.  (DE. 18, p. 8.)  However, this Court has not limited the doctrine to situations where the defendant is a public institution or the plaintiff is a public official.  See, e.g., Smith v. Palmetto Denture Care, P.A., No. 7:17-cv-1043-AMQ-KFM, 2018 WL 3611368, at *6 (D.S.C. July 27, 2018).  Therefore, whether or not special damages are required for a conspiracy claim is not outcome determinative in this case.

Second, Lang contends this Court should remand the two state-law claims for Defamation and Defamation Per Se because complete diversity of the parties was lacking.  However, the Court notes that Plaintiff did not object to the Report and Recommendation recommending the Court exercise supplemental jurisdiction.  Nor has the Plaintiff pointed to any other compelling reasons the Court should amend its Order on this point.  Accordingly, Lang fails to demonstrate an error of law or manifest injustice.

Therefore, the Court's Order is not a clear error of law nor manifestly unjust, nor has there been a change in controlling law or new evidence to consider since the ruling. Accordingly, there is no basis to reconsider the Court's prior Order.  For these reasons, the Court denies Plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

Greenville, South Carolina
March 16, 2022

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.